IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAJ CHRISTOPHER GUPTA, | No. 2:14-CV-0515-TLN-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| JEFFREY BEARD, | |
| Respondent. | |
| _____ / | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss (Doc. 13).

**I. BACKGROUND**

Petitioner was found guilty of a prison disciplinary infraction on March 15, 2013, and assessed a 30-day loss of credits. After his prison administrative remedies were exhausted, petitioner filed a petition for a writ of habeas corpus in the Sacramento County Superior Court. The petition was denied with citations to People v. Duvall, 9 Cal. 4th 464, 474 (1995), In re Swain, 34 Cal. 2d 303, 303-04 (1949), and In re Harris, 5 Cal. 4th 813, 827 n.5 (1993). The

1

court noted that petitioner had failed to attach a copy of the prison disciplinary hearing decision to his petition.  Petitioner then filed a petition in the California Court of Appeal, this time attaching a copy of the hearing decision.  That petition was summarily denied.  Finally, petitioner filed a petition in the California Supreme Court, but did not include a copy of the hearing decision.  The California Supreme Court denied the petition with citation to Duvall.

## II.  DISCUSSION

Respondent argues that the instant federal petition must be dismissed because petitioner has failed to exhaust his claims in state court.  Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required before claims can be granted by the federal court in a habeas corpus case.  See Rose v. Lundy, 455 U.S. 509 (1982); see also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v. Pliler, 336 F.3d 839 (9th Cir. 2003).  Claims may be denied on the merits notwithstanding lack of exhaustion.  See 28 U.S.C. § 2254(b)(2).  "A petitioner may satisfy the exhaustion requirement in two ways:  (1) by providing the highest state court with an opportunity to rule on the merits of the claim . . .; or (2) by showing that at the time the petitioner filed the habeas petition in federal court no state remedies are available to the petitioner and the petitioner has not deliberately by-passed the state remedies."  Batchelor v. Cupp , 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted).  The exhaustion doctrine is based on a policy of federal and state comity, designed to give state courts the initial opportunity to correct alleged constitutional deprivations.  See Picard v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518.

Regardless of whether the claim was raised on direct appeal or in a post-conviction proceeding, the exhaustion doctrine requires that each claim be fairly presented to the state's highest court.  See Castille v. Peoples, 489 U.S. 346 (1989).  Although the exhaustion doctrine requires only the presentation of each federal claim to the highest state court, the claims must be presented in a posture that is acceptable under state procedural rules.  See Sweet v.

1  Cupp, 640 F.2d 233 (9th Cir. 1981).  Thus, an appeal or petition for post-conviction relief that is
2  denied by the state courts on procedural grounds, where other state remedies are still available,
3  does not exhaust the petitioner's state remedies.  See Pitchess v. Davis, 421 U.S. 482, 488
4  (1979); Sweet, 640 F.2d at 237-89.[1]

As to the state court's citation to People v. Duvall, that case outlines the various procedural requirements for a state habeas petition.  See 9 Cal.4th 464, 474 (1995).  Among other things, the petition must "include copies of reasonably available documentary evidence supporting the claim, including pertinent portions of the trial transcripts and affidavits or declarations."  Id.  A failure to comply with this requirement is a pleading defect subject to cure by amendment.  Here, the court has reviewed the petition filed in the California Supreme Court and notes that petitioner did not attach a copy of the prison disciplinary hearing decision.  Nor is there evidence that petitioner ever filed an amended petition in the California Supreme Court attempting to cure this defect.  For this reason, the court finds that the Duvall citation is a valid basis to conclude that the claim was not exhausted in the California Supreme Court.  See Kim v. Villalobos, 799 F.2d 1317 (9th Cir. 2003).

///
///
///
///
///
///
///
///

---

[1] This situation of procedural deficiency is distinguishable from a case presented to the state court using proper procedures but where relief on the merits is precluded for some procedural reason, such as untimeliness or failure to raise the claim on direct appeal.  The former represents an exhaustion problem; the latter represents a procedural default problem.

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that respondent's motion to dismiss (Doc. 13) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  October 30, 2014

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE